IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RECORDA ANN SIMON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2446-S-BN |
| | § | |
| GM FINANCIAL, ET AL. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING CONSTRUED
MOTION FOR LEAVE TO AMEND COMPLAINT**

Asserting claims under several federal statutes, including the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, *pro se* Plaintiff Recorda Ann Simon filed this lawsuit in a Dallas County, Texas state court, and Defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GMF") answered in state court and removed under the Court's federal-question subject-matter jurisdiction prior to service on other named defendants. *See* Dkt. No. 1.

The presiding United States district judge referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And, after the Court entered standing orders and an order for the parties to meet and confer and then file a joint status report under Federal Rules of Civil Procedure 16(b) and 26(f), *see* Dkt. Nos. 5-8, Simon filed an amended complaint, *see* Dkt. No. 10.

Federal Rule of Civil Procedure 15 "gives plaintiffs a temporary right to amend

their complaints," and, even after that right expires, Rule 15 "*requires* courts 'freely give leave [to amend] when justice so requires.'" *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citing FED. R. CIV. P. 15(a)(1), then quoting FED. R. CIV. P. 15(a)(2)).

But a plaintiff may amend her complaint only "once as a matter of course," FED. R. CIV. P. 15(a)(1). And "[o]nce means once." *Logue v. Patient First Corp.,* 246 F. Supp. 3d 1124, 1127 (D. Md. 2017).

And, because "[a] case removed from state court simply comes into the federal system in the same condition in which it left the state system," *Matter of Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters, Etc.*, 415 U.S. 423, 435-36 (1974)), the Court notes that Simon amended her complaint (then the state court petition) prior to removal, *see, e.g.*, Dkt. No. 1-1 at 4-6 (state court docket).

Regardless, "where defendants challenge the pleadings on the merits after a case has been removed to federal court, plaintiffs should be permitted leave to amend their complaint in order to conform to the federal pleading standard." *Plamquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 302 (5th Cir. 2024) (characterizing a holding of *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018)); *see, e.g.*, Dkt. No. 1-1 at 132 (GMF asserting as an affirmative defense that Simon "has failed to state a claim upon which relief may be granted").

And that "logic makes good sense: a plaintiff should not be penalized for adhering to the pleading standards of the jurisdiction in which the case was originally brought. Otherwise, where there are potentially diverse parties, plaintiffs would

essentially have to plead the federal pleading standard in state court for fear of having their claims against non-diverse parties thrown out upon reaching federal courts for failing to comply with the demands of [Federal Rule of Civil Procedure] 12(b)(6)." *Plamquist*, 103 F.4th at 303 (citing *Peña*, 879 F.3d at 617 ("Removal from a notice-pleading jurisdiction is a natural time at which justice would call for the court to permit such an amendment." (citing *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013)))).

And, so, considering Simon's *pro se* status, the Court construes the amended complaint filed after removal to incorporate a motion for leave to amend under Federal Rule of Civil Procedure 15(a)(2). And the Court GRANTS the construed motion for leave and elects not to strike and unfile the pleading.

SO ORDERED.

DATED: September 19, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE